**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **REBECCA MANNING,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:16-cv-00706** |
| | ) | **Judge Aleta A. Trauger** |
| **ROBERT A. McDONALD, Secretary,** | ) | |
| **Department of Veterans Affairs,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>MEMORANDUM OPINION</u>

On November 9, 2016, the Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. No. 125), recommending that the defendant's Motion to Dismiss (Doc. No. 33) be granted and that judgment be entered in the defendant's favor. Now before the court is the plaintiff's Response to Judge Joe Brown's Report and Recommendation (Doc. No. 38), which the court construes as objections to the R&R. The defendant responded to the plaintiff's objections (Doc. No. 42), and the plaintiff filed a reply (Doc. No. 44). For the reasons discussed herein, the court will overrule the objections, accept the R&R, grant the Motion to Dismiss, and dismiss this action for lack of jurisdiction and failure to exhaust.

## I. Procedural Background

Plaintiff Rebecca Manning instituted this suit on March 17, 2016 by filing two Civil Warrants in the General Sessions Court for Metropolitan Nashville and Davidson County, asserting claims of retaliation against defendants Sharon Armer Hill and Dreama Walker. (Doc. No. 1-2.) The United States removed the action to this court under 28 U.S.C. § 1442(a)(1), on the

basis that the defendants are officers of the United States or an agency thereof acting under color of such office. (Doc. No. 1, at 1.) Shortly thereafter, the court granted the motion filed by the United States Attorney's Office, on behalf of the Department of Veterans Affairs ("VA"), to substitute VA Secretary Robert A. McDonald for the individual named defendants, under 42 U.S.C. § 2000e-16(c). (Doc. No. 8.)

The plaintiff filed an Amended Complaint (Doc. No. 18) in April 2016, naming McDonald as the defendant and alleging that she is a 62-year-old woman employed by the VA and that she has suffered (1) reprisal for whistleblowing in violation of 5 U.S.C. § 2302(b)(8)–(9); (2) age discrimination in violation of 29 U.S.C. § 623(d), and (3) "harassment." (Doc. No. 18, at 4, 40–42.) The defendant responded by filing a Motion to Dismiss (Doc. No. 33). The plaintiff filed a Response in opposition (Doc. No. 36).

The magistrate judge filed his R&R on November 9, 2016. (Doc. No. 37.) The R&R construes the Amended Complaint as asserting the three claims identified above: (1) reprisal for whistleblowing in violation of 5 U.S.C. § 2302(b)(8)–(9); (2) age discrimination in violation of 29 U.S.C. § 623(d) (which he construed as brought under 29 U.S.C. § 633a, which authorizes suit against the federal government by federal employees); and (3) "harassment." (Doc. No. 37, at 3.) The magistrate judge liberally construed the "harassment" claim as a claim of retaliation, based on the plaintiff's alleged whistleblower conduct and complaints of age discrimination, and incorporated the discussion of this claim into his analysis of the first two claims.

Regarding those two claims, he recommends that the defendant's Motion to Dismiss be granted on the basis that (1) the court lacks subject matter jurisdiction over the whistleblower claim; (2) the plaintiff failed either to exhaust administrative remedies or to provide the EEOC advance notice of her intent to file suit before doing so, as required by 29 U.C.S. § 633a(d); and

(3) even if the plaintiff's claim is considered a "mixed case," she failed to pursue the administrative remedies that pertain to a mixed case. The R&R also recommends dismissal of the plaintiff's claim for punitive damages.

In her objections, the plaintiff insists that she contacted the Office of Special Counsel ("OSC") but did not receive any information about appeal rights and that the OSC did not make a report to the Merit System Protection Board ("MSPB"). She states: "In my case no review took place, there is no finding, and nothing will be sent to MSPB and there is nothing to appeal except the law under 5 U.S.C. § 7121(g)(2)." (Doc. No. 38, at 1.) She also states that she spoke to general counsel at MSPB, "who indicated there is no appeal through their office." (*Id.* at 2.) Thus, she insists, it would be futile at this point for her to appeal to the MSPB. She asks that, if the court finds that dismissal is required, she be permitted "to come back and continue the case after" she completes whatever additional actions are required. (*Id.*)

Regarding her failure to exhaust administrative remedies through the EEOC, she insists that, if "Human Resources, managers and supervisors" had provided her with information about the EEOC, she "would have gone back to the EEOC instead of spending such a substantial amount of time going through the chain of command administratively." (*Id.*) She also maintains that it is unreasonable for the defendant to "come[] forward at this point to assert that [she] must go through EEOC instead of telling [her] to go to EEOC two or three years ago." (*Id.*) She asks that, in the event her age discrimination claim is dismissed, such dismissal be without prejudice to her ability to "come back and continue the case" after the EEOC has reviewed her claims. (*Id.*)

## II.    Standard of Review

When a party files objections to a magistrate judge's report and recommendation regarding a dispositive motion, the district court must review *de novo* any portion of the report

and recommendation to which objections are properly lodged. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B) & (C). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III. Discussion

### A. Factual Allegations Regarding Exhaustion

The court adopts the facts as set forth in the R&R but reiterates here those facts particularly relevant to exhaustion.

In her Amended Complaint, the plaintiff alleges that she

> appealed to Loan Guaranty VA leadership at the lowest level . . . up to a higher level of authority, Danny Pummill, Acting Under Secretary. She has met with Jeffrey London, Deputy Director, Alberto Planas, Assistant Director, Oversight, and her complaint has been reviewed by Julie Murphy, Director, Human Resources with no resolution. She went directly to the highest authority in the VA; Secretary Robert A. McDonald and he did not bring about a resolution. The Plaintiff feels she has exhausted all avenues for a voluntary resolution to be achieved and that this lawsuit is the next appropriate course of action.

(Am. Compl. at 2.) She makes it clear later in the Amended Complaint that her communications with Secretary McDonald and Julie Murphy concerned her telework schedule and her attempts to file a workers compensation claim. (Am. Compl. ¶¶ 74–76.)

The plaintiff also states that she filed a union grievance on October 30, 2013 based on her removal from the telework program and that the grievance was denied initially and at the highest level. (Am. Compl. ¶ 48.) The union leaders later revisited the decision, however, and agreed that the plaintiff should not have been removed from the telework program. (Am. Compl. ¶ 54.) In January 2014, a new Telework Agreement was signed, allowing the plaintiff to telework two days a week from her home in Georgia, but not the three days she had requested and that had previously been approved. (Am. Compl. ¶ 56.)

She alleges that, on May 15, 2014, she "succumb[ed] to the pressures of the retaliation and harassment" and "submitted a request to transfer to the Atlanta office taking a lower grade and a lower pay." (Am. Compl. ¶ 70.)

### B.        Whistleblowing Claim under 5 U.S.C. § 2302

The plaintiff objects to the magistrate judge's finding that the court lacks jurisdiction to consider her claim under 5 U.S.C. § 2302, insisting that she contacted the OSC, was not informed of her appeal rights, and has been informed that an appeal to the MSPB at this juncture would be futile. The court has conducted a *de novo* review of the plaintiff's objection, the R&R, and the pertinent parts of the record and finds that the magistrate judge's recommendation is factually sound and legally correct.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."[1] Indeed, federal courts are "forbidden . . . from acting beyond our authority"[2] and, therefore, have "an affirmative obligation to consider whether the constitutional and statutory authority exist for us to hear each dispute."[3] A federal court lacking subject matter jurisdiction must dismiss the case.[4]

As the magistrate judge explained, exhaustion of administrative remedies under the Civil Service Reform Act ("CSRA") of 1978[5] is a jurisdictional prerequisite to suit.[6] The passage of the CSRA established a comprehensive—if confusing—framework for federal employees to

---

[1] *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (citation and internal quotation marks omitted).

[2] *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008).

[3] *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996) (citation and internal quotation marks omitted).

[4] Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

[5] Pub. L. 95–454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.).

[6] *Weaver v. U.S. Info. Agency*, 87 F.3d 1429, 1433 (D.C. Cir. 1996).

have the "prohibited personnel practices" of agencies reviewed and remedied administratively.[7] The Whistleblower Protection Act of 1989 ("WPA") subsequently "amend[ed] the list of prohibited personnel practices under the framework of the CSRA" to include reprisals for whistleblower activity.[8] Thus, for claims brought pursuant to the WPA, "exhaustion of administrative remedies is a . . . prerequisite to suit."[9]

As the magistrate judge also explained, an employee seeking to bring a reprisal action under the WPA may elect to pursue one, and only one, of three possible remedies.[10] First, under some circumstances, a claimant may appeal an agency action directly to the MSPB.[11] Second, the employee may seek assistance from the OSC, which investigates the complaint.[12] If the OSC finds that there was a prohibited personnel action as defined by 5 U.S.C. § 2302, it reports its findings to the MSPB, and it can petition the MSPB on the employee's behalf.[13] If the OSC finds no agency wrongdoing, then the employee herself may bring an action before the MSPB.[14]

---

[7] 5 U.S.C. § 2302 (2012); *see also United States v. Fausto*, 484 U.S. 439, 445–49 (1988) (explaining that the comprehensive nature of the CSRA precludes certain judicial review of personnel actions other than as provided by the statute).

[8] *Hardy v. Hamburg*, 69 F. Supp. 3d 1, 6 (D.D.C. 2014); *see also* 5 U.S.C. § 2302(b)(8).

[9] *Weaver*, 87 F.3d at 1433; *see also Heard v. U.S. Dep't of State*, No. CIV.A. 08-02123 RBW, 2010 WL 3700184, at *6 n.7 (D.D.C. Sept. 17, 2010) ("Because the WPA amends the list of prohibited personnel practices under the framework of the CSRA, 5 U.S.C. § 2302, the exhaustion discussion in *Weaver* also applies to the WPA.").

[10] 5 U.S.C. § 7121(g)(2)–(3).

[11] 5 U.S.C. § 7121(g)(3)(A); 5 U.S.C. § 4303 (providing that an employee falling within certain specific categories and who has suffered a reduction in grade or removal "is entitled to appeal the action to the Merit Systems Protection Board under § 7701); 5 U.S.C. § 7513 (providing direct appeal to MSPB for employees subject to removal, suspension for more than fourteen days, reduction in grade or pay, or furlough for thirty days or less).

[12] 5 U.S.C. §§ 7121(g)(3)(C) & (4)(C); 5 U.S.C. § 1214; *Weber v. United States*, 209 F.3d 756, 758 (D.C. Cir. 2000) (describing whistleblower protection procedures under Title 5).

[13] *Weber*, 209 F.3d at 758.

[14] 5 U.S.C. §§ 1221, 1214(a)(3); *Weber*, 209 F.3d at 758.

The third remedy available to a claimant is to pursue a negotiated grievance through the procedures in her collective bargaining agreement.[15] The statute provides that collective bargaining agreements serve as the exclusive administrative vehicle for resolving grievances that fall within their coverage.[16]

If the claimant takes the first or second option, either bringing her claim directly to the MSPB or first to the OSC and then to the MSPB, the claimant may later seek judicial review of the MSPB's final decision.[17] Such judicial review, however, may only be obtained by filing a petition for review in United States Court of Appeals for the Federal Circuit or "any court of appeals of competent jurisdiction"[18]—presumably the Sixth Circuit Court of Appeals for challenges to employment actions taken within this district.

If the claimant pursues the third available remedy, judicial review of a final decision obtained through a negotiated grievance procedure under the collective bargaining agreement may be available "in the same manner and under the same conditions as if the matter had been decided" by the MSPB.[19] In other words, judicial review may be obtained by filing a petition for review in the United States Court of Appeals for the Federal Circuit or any court of appeals of

---

[15] 5 U.S.C. § 7121(g)(3)(B).

[16] 5 U.S.C. § 7121(a)(1).

[17] *See* 5 U.S.C. § 7703(a)(1) ("Any employee . . . adversely affected or aggrieved by a final or decision of the Merit Systems Protection Board may obtain judicial review of the order or decision.").

[18] 5 U.S.C. § 7703(b)(1)(B). WPA appeals filed during the five-year period beginning on the effective date of the WPA may be filed in any federal circuit court of appeals of competent jurisdiction. 5 U.S.C. § 7703(b)(1)(B). The statute was enacted November 27, 2012 and became effective 30 days later. Whistleblower Protection Enhancement Act of 2012, Pub. L. 112-199, § 202, 126 Stat. 1469, 1476 (2012). The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction of any appeal filed outside this window. 5 U.S.C. § 7703(b)(1)(A); *Weber*, 209 F.3d at 758.

[19] 5 U.S.C. § 7121(f).

competent jurisdiction.[20]

"Under no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance."[21] Moreover, even when the appropriate administrative steps are taken, only a federal court of appeals has the ability to review a WPA decision, not this court.

Here, it appears that the plaintiff pursued a grievance through the negotiated procedure provided by her union.[22] Because she claims that she was "forced" to take a lower grade and lower pay, the matter is arguably covered by 5 U.S.C. § 4303 or § 7512, which meant that she might have been able to pursue judicial review of the decision in the court of appeals. She did not do so. This court, in any event, is not authorized to review her claim and therefore has no choice but to dismiss it.

## C.     Mixed Case Analysis

An entirely different set of procedures applies to "mixed cases," defined as cases in which the employee "has been affected by an action which the employee . . . may appeal to the [MPSB], and alleges that a basis for the action was discrimination" prohibited by 29 U.S.C. §

---

[20] While the federal courts of appeal have "broad jurisdiction over Board decisions," *Schafer v. Dep't of Interior*, 88 F.3d 981, 985 (Fed. Cir. 1996) (citing 5 U.S.C. § 7121(f)), they are authorized to review an arbitrator's award (or other final decision in the grievance procedure) only if the matter appealed is one "covered under" 5 U.S.C. § 4303 (reductions in grade and removals due to unacceptable performance) or 5 U.S.C. § 7512 (adverse actions such as removals or suspensions of more than fourteen days). If the matter is not sufficiently serious, no judicial review of the decision in the negotiated grievance procedure is available. *Accord Schafer*, 88 F.3d at 986 (dismissing case for lack of jurisdiction under § 7121(f) where the matter did not fall under § 4303 or § 7512, noting that 5 U.S.C. § 7121(f) is the appellate court's "sole jurisdictional grant for review of an arbitrator's award").

[21] *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002).

[22] From the plaintiff's allegations, it appears that, as a result of her having chosen to pursue a negotiated grievance through the procedure available under her union's collective bargaining agreement, the OSC determined that it could not review her claims.

633a, among other statutes.[23] As the Supreme Court has explained, "[t]he CSRA and regulations of the MSPB and Equal Employment Opportunity Commission (EEOC) set out special procedures to govern [a mixed] case—different from those used when the employee either challenges a serious personnel action under the CSRA alone or attacks a less serious action as discriminatory."[24]

To be clear, a mixed case is only one in which the plaintiff's WPA claim is sufficiently serious that the employment decision may be immediately appealed to the MPSB.[25] "When an employee challenges a serious personnel action under the CSRA alone, or attacks a less serious personnel action as discriminatory, he has not brought a mixed case and different procedures apply."[26]

A federal employee who seeks to file a mixed case has two options for beginning the grievance process. First, she may file a discrimination complaint with the agency through the agency's Equal Employment Opportunity ("EEO") Office. Alternatively, she may file an appeal directly with the MSPB.[27] An employee cannot maintain the same action in both forums; she must exhaust her administrative remedies in the forum where her complaint or appeal was first

---

[23] 5 U.S.C. § 7702(a)(1).

[24] *See Kloeckner v. Solis*, 133 S. Ct. 596, 601 (2012) (citations omitted).

[25] *See Kloeckner*, 133 S. Ct. at 601 ("When an employee complains of a personnel action serious enough to appeal to the MSPB *and* alleges that the action was based on discrimination, she is said (by pertinent regulation) to have brought a 'mixed case.'" (citing 29 CFR § 1614.302 (2012))).

[26] *Lucy-Evans v. Dep't of Veterans Affairs*, No. 1:15-CV-432, 2015 WL 7002912, at *5 (N.D. Ohio Oct. 22, 2015), *report and recommendation adopted*, No. 1:15CV432, 2015 WL 6964575 (N.D. Ohio Nov. 10, 2015).

[27] *Rodgers v. Perez*, 139 F. Supp. 3d 67, 71 (D.D.C. 2015) (citing 29 C.F.R. § 1614.302(a); 5 C.F.R. § 1201.154(a)); *see also Kloeckner*, 133 S. Ct. at 601 (citations omitted).

filed.[28] Where the employee pursues a mixed case complaint within the agency, after the agency renders a final decision, the employee may appeal an adverse agency decision to the MSPB or sue directly in federal district court.[29] Where the employee pursues a mixed case appeal with the MSPB, she may appeal an adverse decision by filing an EEOC charge or by filing suit in federal district court.[30]

Even assuming, for purposes of the Motion to Dismiss, that the plaintiff could have brought a mixed case under the administrative procedures outlined in 5 U.S.C. § 7702(a)(1), the plaintiff failed to follow the procedures prescribed for that situation either. She did not pursue a discrimination claim through her agency or through the MSPB. Instead, she pursued a negotiated grievance of her agency's decision to remove her from the telework program, filed a workers compensation claim, spoke with someone in Human Resources, and made contact with a number of supervisors, including the VA Secretary. While the allegations in the Amended Complaint make it clear that the plaintiff was not shy about voicing her opinions and attempting to pursue her rights, there is no indication that the plaintiff ever complained about age discrimination until she included an age discrimination claim in the Amended Complaint.[31]

In sum, the court concludes that, even if the plaintiff *could* have brought her claim as a mixed case, she did not do so. She therefore does not have the ability to seek judicial review directly in the district court at this juncture.

---

[28] *Id.* (citing 29 C.F.R. § 1614.302(b); *Schlottman v. Perez*, 739 F.3d 21, 22 (D.C. Cir. 2014)).

[29] 5 C.F.R. § 1201.154(b); 29 C.F.R. § 1614.302(d)(1)(i).

[30] 5 U.S.C. § 7703(b)(2).

[31] The Civil Warrants filed in General Sessions Court complain only about retaliation in the form of being removed from the telework program. (*See* Doc. No. 1-2.)

### D.     Age Discrimination Claim

The magistrate judge correctly and succinctly stated the law pertaining to exhaustion of an age discrimination claim under 29 U.S.C. § 633a. The plaintiff did not pursue a charge of discrimination with the EEOC, nor did she follow the alternative course of giving the EEOC thirty days' notice of her intent to sue "within one hundred and eighty days after the alleged unlawful practice occurred," as permitted by § 633a(d). The plaintiff objects to dismissal of her age discrimination claim on the basis that "Human Resources, managers and supervisors" failed to provide her with information about the EEOC. (Doc. No. 38, at 2.) She claims that, if they had, she would have submitted a charge to the EEOC and that it is unfair for the defendant to argue now that she must submit a claim to the EEOC instead of telling her to do so two or three years ago. (*Id.*)

The exhaustion requirement for an age discrimination claim is designed "to trigger an investigation, which gives notice to the alleged wrongdoer of its potential liability and enables the EEOC to initiate conciliation procedures in an attempt to avoid litigation." *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004). An ADEA plaintiff's failure to exhaust administrative remedies renders the complaint subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See McKnight v. Gates*, 282 F. App'x 394, 399 (6th Cir. 2008) (affirming dismissal of class age discrimination claim based on the plaintiff's failure to exhaust or to inform the EEOC of his intent to file a class complaint). Such failure is not, however, a jurisdictional defect, but rather a condition precedent that is subject to equitable tolling or that may be waived by the parties or the court. *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998).

The plaintiff here is essentially arguing that the defendant should be equitably estopped

from arguing that her age discrimination claim is subject to dismissal for failure to exhaust. The Sixth Circuit has explained that, to successfully invoke the doctrine of equitable estoppel, a claimant must show:

> (1) conduct or language amounting to a representation of material fact;
>
> (2) awareness of true facts by the party to be estopped;
>
> (3) an intention on the part of the party to be estopped that the representation be acted on, or conduct toward the party asserting the estoppel such that the latter has a right to believe that the former's conduct is so intended;
>
> (4) unawareness of the true facts by the party asserting the estoppel; and
>
> (5) detrimental and justifiable reliance by the party asserting estoppel on the representation.

*Mutchler v. Dunlap Mem'l Hosp.*, 485 F.3d 854, 861 (6th Cir. 2007) (citations omitted). "[E]quitable estoppel requires affirmative steps or action on the part of a defendant. . . . [P]laintiffs invoking equitable estoppel must establish due diligence." *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 425 (6th Cir. 2009). The Sixth Circuit has given examples of the type of affirmative action that a defendant must take before a plaintiff can invoke equitable estoppel:

> Equitable estoppel, sometimes referred to as fraudulent concealment, is invoked in cases where the defendant takes active steps to prevent the plaintiff from suing in time, such as by hiding evidence or promising not to plead the statute of limitations.

*Id.* at 428 (quoting *Bridgeport Music, Inc., et al. v. Diamond Time, Ltd.*, 371 F.3d 883, 891 (6th Cir. 2004)).

In this case, the plaintiff does not allege facts suggesting fraudulent concealment. In fact, she does not allege that she ever presented any claim of age discrimination or facts suggesting age discrimination to any of the numerous supervisors and managers she contacted. Instead, her concerns focused primarily on her removal from a telework program in violation of a Telework

Agreement and, secondarily, on the harassment and reprisal she suffered as a result of her complaining about such removal and about other acts by her supervisors that she believed "constituted an abuse of authority, violations of law and rules as well as mismanagement." (Compl. at 2; *see id.* at 4 ("The supervisors and managers did willfully, deliberately and maliciously retaliate against her for reporting their actions.").) Her complaint to VA Secretary Robert McDonald, which was referred to HR Director Julie Murphy, was about "bad managers and supervisors" and again concerned her initial removal from the telework program. (Compl. ¶¶ 74, 75.)

Although the plaintiff faults her supervisors for not giving her information about filing an EEOC charge, she does not argue even now that she ever put any of her supervisors on notice of an age discrimination claim, and she does not allege an affirmative misrepresentation by any of her supervisors. Under these circumstances, the court finds that there is no basis for equitable estoppel. The plaintiff's age discrimination claim will be dismissed for failure to exhaust or to provide timely notice to the EEOC under § 633a(d).

## IV.    Conclusion

The court will overrule the plaintiff's objections and accept the magistrate judge's recommendation. Accordingly, the defendant's Motion to Dismiss will be granted, and this action will be dismissed.

An appropriate order is filed herewith.

ALETA A. TRAUGER
United States District Judge